UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT RUSSO,

                Plaintiff,

                                                    **COMPLAINT**

    - against -

UNITED STATES OF AMERICA,

                Defendant.
-------------------------------------------------------------X

Plaintiff, ROBERT RUSSO, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendant herein, respectfully alleges as follows:

## JURISDICTION

1.      This is a civil action, seeking compensatory damages.

2.      This action is brought pursuant to 28 U.S.C. §§2671, et seq.

3.      Jurisdiction is founded upon 28 U.S.C. §§1331 and 1346.

4.      On or about July 8, 2019, which date was within two years from the date that plaintiff's within cause of action pursuant to the Federal Tort Claims Act accrued, he presented to the Federal Bureau of Prisons of the United States Department of Justice a claim for money damages arising out of the incidents and injuries alleged herein.

5.      On or about January 3, 2020 plaintiff's claim was denied by the Federal Bureau of Prisons of the United States Department of Justice.

6.      This action is commenced within six months of the date of the denial of plaintiff's claim.

## VENUE

7.      Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## PARTIES

8.      At all times relevant hereto, plaintiff, ROBERT RUSSO, was and is a natural person, and was an inmate incarcerated in the Metropolitan Correctional Center, which is located at 150 Park Row in the County, City and State of New York (hereinafter "MCC – New York").

9.      At all times relevant hereto, the United States Department of Justice was and is a federal agency, pursuant to 28 U.S.C. §2671.

## AS AND FOR A CAUSE OF ACTION

10.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "9" hereinabove as if more fully set forth at length herein.

11.      On or about July 10, 2017, at approximately 2:30 P.M., plaintiff, who was incarcerated at MCC-New York under Registry No. 777949-054, verbally criticized another inmate, accusing said inmate of smoking K-2 (synthetic marijuana).

12.      Upon information and belief, vending machines had recently been removed from MCC-New York because they were being used as locations for inmates to hide K-2.

13.      Upon information and belief, K-2 is known to cause those using it to become violent and combative.

14.      Upon information and belief, the aforementioned dangerous effects of K-2 were known, at the time of the incident alleged herein, to defendant and its agents, servants and employees who were responsible for supervising inmates at MCC-New York.

15.    Plaintiff, at the aforementioned time and place, reasonably believed that the inmate to whom he was speaking was under the influence of K-2.

16.    In response to plaintiff's criticism, the aforementioned inmate brutally assaulted plaintiff.

17.    As a result of the aforementioned assault, plaintiff suffered serious injury, including, but not limited to, a comminuted depressed acute fracture of the left zygomatic arch and an acute exacerbation of a pre-existing non-displaced fracture of plaintiff's left orbital floor.

18.    The aforementioned assault upon plaintiff and the injuries resulting therefrom were the direct result of the negligence, recklessness and carelessness of the Bureau of Prisons of the Department of Justice of defendant, UNITED STATES OF AMERICA, and its agents, servants and employees who work at MCC-New York, in that they failed to prevent the smuggling of K-2 into the aforementioned institution; failed to prevent the use of K-2 by inmates; failed to identify inmates who were using K-2; failed to meet their duty of providing protection from such inmates to inmates not using K-2, including plaintiff; and, as a result of all of these failures, breached their duty to protect inmates, including plaintiff, from reasonably foreseeable harm.

19.    As a result of the aforementioned negligence, recklessness and carelessness of the Bureau of Prisons of the Department of Justice of the defendant, UNITED STATES OF AMERICA, and its agents, servants and employees, plaintiff was severely and permanently injured and disfigured; suffered, and continues to suffer, pain and discomfort; was rendered sick, sore, lame and disabled; was required to undergo extensive medical treatment, including surgery, for his injuries; and suffered psychological stress and upset.

20.    The aforementioned assault on plaintiff and the injuries that he suffered as a result thereof were in no way attributable to any culpable conduct on plaintiff's part.

21.    By reason of the aforementioned negligence, recklessness and carelessness of the Bureau of Prisons of the Department of Justice of the defendant, UNITED STATES OF AMERICA, and its agents, servants and employees, and through no culpable conduct of his own, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff, ROBERT RUSSO, demands judgment against defendant, UNITED STATES OF AMERICA, in the amount of One Million ($1,000,000.00) Dollars.

Dated: Kew Gardens, New York
      June 29, 2020

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2423