UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROBERT RUSSO,

                  Plaintiff,

    - against -

UNITED STATES OF AMERICA,

                  Defendant.

------------------------------------------------------------------X

20 CV 4999 (ER)

SECOND
AMENDED COMPLAINT

Plaintiff, ROBERT RUSSO, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendant herein, respectfully alleges as follows:

## JURISDICTION

1.      This is a civil action, seeking compensatory damages.

2.      This action is brought pursuant to 28 U.S.C. §§2671, et seq.

3.      Jurisdiction is founded upon 28 U.S.C. §§1331 and 1346.

4.      On or about July 8, 2019, which date was within two years from the date that plaintiff's within cause of action pursuant to the Federal Tort Claims Act accrued, he presented to the Federal Bureau of Prisons of the United States Department of Justice a claim for money damages arising out of the incidents and injuries alleged herein.

5.      On or about January 3, 2020, plaintiff's claim was denied by the Federal Bureau of Prisons of the United States Department of Justice.

6.      This action is commenced within six months of the date of the denial of plaintiff's claim.

## VENUE

7.      Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## PARTIES

8.      At all times relevant hereto, plaintiff, ROBERT RUSSO, was and is a natural person, and was an inmate incarcerated in the Metropolitan Correctional Center, which is located at 150 Park Row in the County, City and State of New York (hereinafter "MCC – New York").

9.      At all times relevant hereto, the United States Department of Justice was and is a federal agency, pursuant to 28 U.S.C. §2671.

## AS AND FOR A CAUSE OF ACTION

10.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "9" hereinabove as if more fully set forth at length herein.

11.      On or about July 10, 2017, at approximately 2:30 P.M., plaintiff, who was incarcerated at MCC-New York under Registry No. 777949-054, verbally criticized another inmate, named James Pedroso, accusing said inmate of smoking K2, a synthetic cannabinoid.

12.      Upon information and belief, vending machines had recently been removed from MCC New York because they were being used as locations for inmates to hide K2 that had been smuggled in to them, primarily by visitors.

13.      K2 is known to have a side effect of causing those using it to become violent and combative, according to the National Institute on Drug Abuse, which is one of the National Institutes of Heath.

14.      Upon information and belief, the aforementioned dangerous effects of K2 were known, at the time of the incident alleged herein, to defendant and its agents,

servants and employees who were responsible for supervising inmates at MCC-New York.

15.     Plaintiff, at the aforementioned time and place, reasonably believed that Pedroso was under the influence of K2.

16.     In fact, for approximately twenty minutes immediately prior to his assaulting plaintiff, Pedroso had engaged in arguments with several inmates to the point that a counselor named Hill had told him to return to his cell, which he had not done.

17.     In response to plaintiff's criticism, inmate Pedroso brutally assaulted plaintiff.

18.     At the time plaintiff was assaulted as hereinabove described, he had been incarcerated at the MCC-New York for at least five months.

19.     During the aforementioned five months, plaintiff had learned, through both personal observation and conversations had with other inmates, that K2 was being smuggled into the jail and was being used by inmates.

20.     Upon information and belief, employees of the Bureau of Prisons assigned to MCC-New York were aware that K2 was being smuggled into the jail and was being used, including being smoked, by inmates.

21.     Specifically, Bureau of Prisons personnel working at MCC New York, including a SIS Lieutenant named, upon information and belief, Doctor, a Unit Manager named Olivares and a Correction Officer named Adrian were all aware, or strongly suspected, that inmate Pedroso was one of the inmates who were using K2.

22.     Inmate Pedroso had an inordinately large number of visitors come to see him at the jail, thus providing reasonable grounds for staff at MCC New York to suspect that he was receiving contraband.

23.    Although the aforementioned problem of smuggling and use of K2 within the institution were known to the aforementioned Bureau of Prison employees, it took several months for remedial and preventive measures to start to be employed to deal with the aforementioned problem.

24.    Thus, the removal of vending machines, referenced hereinabove, came as merely an indication of the seriousness of the problems involving K2 existing in the jail, rather than as their solution.

25.    At the time plaintiff was assaulted as hereinabove described, K2 was still being used by inmates confined to MCC New York.

26.    Upon information and belief, Bureau of Prisons employees working at the jail who were responsible for maintaining its good order and attending to the safety and security of inmates were aware of the dangerous and deleterious effects of K2 upon those inmates who used it and the resultant danger those inmates posed to other inmates and to staff.

27.    Nevertheless, the aforementioned employees of the Bureau of Prisons failed in their duty of providing for the safety and security of inmates under their care, including plaintiff, in that they did not quickly and effectively seek to deal with the problems brought on by the smuggling and use of K2 at MCC New York, instead failing to institute and/or employ effective screening procedures for persons visiting the jail and their belongings, and failing to apprehend and discipline inmates suspected of, or known to be, using K2.

28.    As a result of the aforementioned assault on him, plaintiff suffered serious injury, including, but not limited to, a comminuted depressed acute fracture of

the left zygomatic arch and an acute exacerbation of a pre-existing non-displaced fracture of plaintiff's left orbital floor.

29.    The aforementioned assault upon plaintiff and the injuries resulting therefrom were the direct result of the negligence, recklessness and carelessness of the Bureau of Prisons of the Department of Justice of defendant, UNITED STATES OF AMERICA, and its agents, servants and employees who work at MCC New York in that, they failed to prevent the smuggling of K2 into the aforementioned institution; failed to prevent the possession and use of K2 by inmates, in particular inmate Pedroso; failed to isolate and identify inmates reasonably believed to be using K2, in particular inmate Pederoso; failed to meet their duty of providing protection from such inmates, in particular inmate Pedroso, to inmates not using K2, including plaintiff; and, as a result of all of these failures, breached their duty to protect plaintiff from reasonably foreseeable harm.

30.    As a result of the aforementioned negligence, recklessness and carelessness of the Bureau of Prisons of the Department of Justice of the defendant, UNITED STATES OF AMERICA, and its agents, servants and employees, plaintiff was severely and permanently injured and disfigured; suffered, and continues to suffer, pain and discomfort; was rendered sick, sore, lame and disabled; was required to undergo extensive medical treatment, including surgery, for his injuries; and suffered psychological stress and upset.

31.    The aforementioned assault on plaintiff and the injuries that he suffered as a result thereof were in no way attributable to any culpable conduct on plaintiff's part.

32.    By reason of the aforementioned negligence, recklessness and carelessness of the Bureau of Prisons of the Department of Justice of the defendant,

UNITED STATES OF AMERICA, and its agents, servants and employees, and through no culpable conduct of his own, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff, ROBERT RUSSO, demands judgment against defendant, UNITED STATES OF AMERICA, in the amount of One Million ($1,000,000.00) Dollars.

Dated: Kew Gardens, New York
      December 10, 2021

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2423